**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50305 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00558-CAS |
| v. | |
| RAFAEL OROSCO, a.k.a. Rafael Orozco, a.k.a. Loas, a.k.a. Ozo, a.k.a. Serio, a.k.a. Serioussemo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Rafael Orosco appeals from the district court's judgment and challenges the

77-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm and ammunition, in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 922(g)(1); 924(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Orosco contends that the district court procedurally erred by placing excessive weight on the Guidelines range and presuming the Guidelines range was reasonable.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  Contrary to Orosco's assertion, the district court correctly calculated Guidelines range as the starting point for its analysis, considered the relevant sentencing factors, and imposed an individualized sentence that reflected its view of the sentencing factors as a whole.  *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc).

Orosco also contends that the sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Orosco's history, the seriousness of the offense, and the need to protect the community and deter future criminal conduct.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-50305